# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 16, 2010

No. 09-30895

Lyle W. Cayce
Clerk

JAMES CLINTON ABSHURE,

Plaintiff–Appellant

v.

STEVE PRATOR; JERMAINE KELLY; SHERIFF'S DEPARTMENT CADDO PARISH; DONALD WEBB, Deputy,

Defendants–Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:06-CV-2031

Before JONES, Chief Judge, PRADO, Circuit Judge, and OZERDEN[*], District Judge.

PER CURIAM:[**]

Appellant James Clinton Abshure appeals the district court's grant of a motion to dismiss in favor of Deputy Jermaine Kelly, and the district court's grant of summary judgment in favor of Deputy Donald Webb and Sheriff Steve Prator, in his capacity as Sheriff of the Caddo Parish Sheriff's Office (collectively,

---

[*] District Judge of the Southern District of Mississippi, sitting by designation.

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-30895

"Defendants"). Abshure claims that Defendants violated his Fourteenth Amendment rights[1] by acting with deliberate indifference to his medical needs when they kept him in custody for approximately twenty-four hours without giving him insulin, despite knowing that he was a diabetic and was overdue for his insulin shot.

Deputy Kelly arrested Abshure at his home on a misdemeanor charge, and during the arrest, Deputy Kelly prevented Abshure from injecting himself with insulin. After his arrest, nurses at the jail monitored Abshure's blood sugar in the infirmary, and sent him to the hospital the next morning when his blood sugar level rose. Deputy Webb transported Abshure to the hospital, where, after waiting for seven hours, Abshure signed a form refusing medical treatment and checked himself out of the hospital, returning to jail in order to obtain bond. Nurses continued to monitor Abshure at the jail, and when his blood sugar level rose again, advised him to return to the hospital again, but Abshure signed a form refusing medical treatment and continued his efforts to obtain bond. His blood sugar level continued to rise until, after suffering symptoms of diabetic ketoacidosis, he was checked into the hospital. Abshure then filed this lawsuit.

To demonstrate a constitutional violation, Abshure must show that Defendants acted "with deliberate indifference to a substantial risk of serious medical harm and resulting injuries." *Mace v. City of Palestine*, 333 F.3d 621,

---

[1] Although the district court analyzed this claim under the Eighth Amendment, Abshure's claim is, in reality, a due process claim because the Eighth Amendment applies to treatment of prisoners, not pretrial detainees such as Abshure. *See Hare v. City of Corinth*, 74 F.3d 633, 639 (5th Cir. 1996) (en banc) (stating that pretrial detainee's rights "flow from both the procedural and substantive due process guarantees of the Fourteenth Amendment"). However, because Abshure claims that Defendants' "episodic acts or omissions" violated his rights, we apply the same deliberate indifference standard used for Eighth Amendment prisoner claims. *Id.* at 650.

No. 09-30895

625–26 (5th Cir. 2003). As to his claim against Deputy Kelly, even on the facts alleged by Abshure, Deputy Kelly merely prevented Abshure from injecting himself with an unknown substance, and prevented Abshure from transporting the syringe with him to jail. These decisions were reasonable because Deputy Kelly had no way to know what was in the syringe. Because qualified immunity protects Deputy Kelly from liability unless his actions are objectively unreasonable, *see Meadours v. Ermel*, 483 F.3d 417, 423 (5th Cir. 2007), we affirm the grant of Deputy Kelly's motion to dismiss.[2]

Abshure claims that Deputy Webb acted with deliberate indifference to his medical needs because he did not obtain medical treatment for Abshure while Abshure was at the hospital, and because he suggested that Abshure check himself out of the hospital so that he could return to jail to try to obtain bond. Even viewing the facts in the light most favorable to Abshure, Deputy Webb did not act with deliberate indifference by suggesting Abshure check himself out of the hospital so he could return to jail and attempt to obtain bond, because Deputy Webb did not have "subjective intent to cause harm." *Mace*, 333 F.3d at 626. Similarly, Deputy Webb lacked the requisite intent to cause harm when he did not actively pursue medical attention from the medical staff at the hospital.

Abshure faces different hurdles in his effort to hold Sheriff Prator liable under a municipal liability theory. Municipal liability requires Abshure to demonstrate, *inter alia*, a constitutional deprivation, that is, deliberate indifference, by one of Sheriff Prator's employees. *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 528–29 (5th Cir. 1999). Neither Deputy Kelly, nor

---

[2] It is also clear that Deputy Kelly did not act with deliberate indifference. Abshure displayed no symptoms of elevated blood sugar at the time, and Deputy Kelly had no reason to believe the jail would not be able to address Abshure's medical condition.

Deputy Webb, nor the jail nurses acted with deliberate indifference to Abshure's serious medical needs.  The nurses attempted to treat Abshure by sending him to the hospital, and although he claims they should have obtained an order from a physician so they could administer insulin themselves, "[d]isagreement with medical treatment does not state a claim for . . . indifference to medical needs." *Norton v. Dimazana*, 122 F.3d 286, 293 (5th Cir. 1997) (citations omitted).

Abshure also claims that Sheriff Prator is liable for the failure to train his employees to treat diabetic detainees.  This claim fails because Sheriff Prator's employees met Louisiana's legal minimum for training, and Abshure has made no showing that Louisiana's legal minimum is insufficient.  *See Benavides v. County of Wilson*, 955 F.2d 968, 973 (5th Cir. 1992) (holding that where the legal minimum is met, a plaintiff must affirmatively demonstrate that the legal minimum training is insufficient).

Abshure's Louisiana state law negligence claim also fails.  Abshure seeks to hold Sheriff Prator liable based on the acts of Deputy Kelly, Deputy Webb, and the jail nurses, as well as for Sheriff Prator's policies.  Any negligence claim based on Deputy Kelly's actions fails because, as discussed above, he acted reasonably.  *See Bonnet v. Lafayette Parish Sheriff*, 2 So. 3d 1280, 1284 (La. Ct. App. 2009) (stating that the police officer must only do what is reasonable under the circumstances).  Abshure cannot show negligence based on Deputy Webb's or the nurses' actions because he suffered injury as a result of his own "willful acts" of first checking himself out of the hospital, and then refusing to return to the hospital once he had returned to the jail.  Under Louisiana law, law enforcement officials are not liable for injuries "attributable to [the prisoner's] own willful act." *Barlow v. City of New Orleans*, 241 So. 2d 501, 504 (La. 1970).

No. 09-30895

Finally, Abshure has not shown Sheriff Prator's policy toward diabetic detainees is negligent, because the only evidence he puts forward is evidence that the policy is not comprehensively written. We hold this evidence is insufficient to raise a genuine issue of material fact as to negligence.

Accordingly, we affirm the grant of Deputy Kelly's motion to dismiss, and affirm the grant of summary judgment in favor of Deputy Webb and Sheriff Prator.

AFFIRMED.